DOWNEY, Judge.
The appellants, Margaretta and Loreen Beisswenger, sued appellees, Omicron Construction & Development Co., Inc., and Ray *727 Gonzales, for breach of a written construction contract and for slander of title by filing a claim of lien on the Beisswengers’ property. Appellee, Omicron, filed a counterclaim to enforce its claim of lien and for damages for breach of contract. The litigation arose out of a contract wherein Omicron was to construct a single family residence on property owned by the Beisswen-gers. After a trial before the court, a final judgment was entered wherein the trial court found, among other things, that Omicron was entitled to file a mechanics’ lien for the balance of monies owed it by appellants; that appellants paid various subcontractors and materialmen $55,401.11, which Omicron owed to said mechanics; that appellants sustained damages in the amount of $2,100 as a result of Omicron’s workmanship and lack of supervision in the construction and installation of a fireplace and a sliding glass door. The judgment concluded that appellants should recover nothing from Omicron and that Omicron should have a lien on the property for the amount owed it of $4,807.34, including interest. Further, the court retained jurisdiction to award attorney’s fees and costs to Omicron as the prevailing party and for foreclosure of the mechanics’ lien.
Upon consideration of appellants’ appeal and Omicron’s cross appeal, this court relinquished jurisdiction to the trial court, requesting a breakdown of the $55,401.11 figure contained in the final judgment that the trial court concluded appellants had paid to subcontractors and materialmen. Pursuant to that relinquishment, the trial court entered an amended judgment that listed the names of the materialmen and' subcontractors and the amounts it found appellants had paid each of them. Supplemental briefs directed to said amended final judgment were filed and the matter is once again presented for appellate disposition.
We have fully considered the three appellate points presented in appellants’ original brief and find no reversible error demonstrated. We do, however, find error demonstrated in the cross appeal with reference to some of the payments made by appellants for which they claim a setoff or credit against Omicron’s counterclaim.
Included in the credit, which the amended judgment allowed appellants, was the sum of $675 paid to County Sanitation, $1414 paid to Noland Co., $1,994.55 paid to Mack Industries, $214 paid to G.E.B. Builders, $5,753.01 to J & K Appliances, and $1,401.13 to J.W. Anderson. Omicron contends the record does not support appellants’ assertion that they paid these sums to the named subcontractors and material-men. Without detailing each of said accounts, suffice to say the record reflects that either the questioned bill was not owed by Omicron or the account was not paid by appellants, or Omicron had paid the account for which appellants now claim credit. Eliminating said amounts from the credit allowed appellants results in an additional adjustment of the amount owed Omicron by appellants of $11,451.38. The judgment should, therefore, be amended on remand to award Omicron the aforesaid sum ($11,451.38) together with the amount of $3,587.57 previously awarded in the judgment, plus interest on the balance due Omicron.
Accordingly, the amended judgment is affirmed in all respects except for the above described adjustments to be made by the trial court on remand.
GLICKSTEIN, J., and SNYDER, ARTHUR I., Associate Judge, concur.